**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4166**

─────────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

THOMAS LANDREAKUS GAMBRELL,

                                        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry M. Herlong, Jr., District
Judge.   (8:06-cr-00145-HMH)

─────────────

Submitted: July 24, 2007            Decided:  July 27, 2007

─────────────

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James  Barlow  Loggins,  Assistant  Federal  Public  Defender,
Greenville, South Carolina, for Appellant.  Reginald I. Lloyd,
United State Attorney, Alan Lance Crick, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Landreakus Gambrell pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to sixty months imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court fully complied with the requirements of Fed. R. Crim. P. 11.

Because Gambrell did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Our review of the record leads us to conclude that the district court fully complied with the mandate of Rule 11 in accepting Gambrell's guilty plea.

Gambrell has filed a supplemental pro se brief asserting, first, that the district court failed to comply with Fed. R. Crim. P. 32(a) because it did not give him a sufficient opportunity for allocution. We find that this claim is belied by the transcript of the sentencing hearing. Gambrell also claims that the district court incorrectly calculated his criminal history score and failed to give him credit for time served on a related state sentence. Because Gambrell did not file objections to the presentence report

and did not object at sentencing, we review these claims for plain error.  See United States v. Olano, 507 U.S. 725, 731-32 (1993). Our review of the record discloses no error, let alone plain error, in the district court's calculation of Gambrell's advisory sentencing guideline range.[*]

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

---

[*]To the extent Gambrell asserts a claim of ineffective assistance of counsel, we decline to review this issue on direct appeal as counsel's alleged ineffectiveness is not apparent from the record. See United States v. Baldovinos, 434 F.3d 233 (4th Cir.), cert. denied,___U.S.___, 126 S. Ct. 1407 (2006).